# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MARCO ANTONIO OROZCO,

Plaintiff,

v.

GENERAL MOTORS LLC,

Defendant.

Case No. 1:26-cv-5797-EGC

**ORDER DENYING MOTION TO REMAND**

(Doc. 3)

## I. BACKGROUND

Plaintiff Marco Antonio Orozco filed this action in Fresno County Superior Court, asserting claims against Defendant General Motors LLC ("GM") under California's Song-Beverly Consumer Warranty Act on June 16, 2026. (Doc. 1-2). Plaintiff alleges that he purchased a 2024 Chevrolet Silverado (the "Subject Vehicle") for $86,530.65 and that the vehicle was delivered with serious defects. (*Id.* at ¶ 10). Based on these defects, Plaintiff asserts claims for breach of express warranty, breach of the implied warranty of merchantability, and violation of California Civil Code section 1793.2(b). (*Id.* ¶¶ 8–59).

Plaintiff alleges that Defendant willfully failed to comply with its statutory obligations and seeks actual damages, restitution, a statutory civil penalty of up to two times the amount of actual damages, prejudgment interest, and reasonable attorney's fees and costs. (*Id.* at 10).

Defendant removed the action to this Court on July 24, 2026, asserting diversity jurisdiction. (Doc. 1). The parties do not dispute that diversity of citizenship exists amongst the parties. The dispute is over the amount in controversy. To establish the amount in controversy, Defendant relies on a combination of actual damages, statutory civil penalties, and attorney's fees. (*Id.*). Specifically, Defendant conducted a preliminary investigation estimating $26,000.00 in total deductions, including statutorily required deductions for a mileage offset based on the vehicle's mileage at its first repair presentation, third-party service contracts, manufacturer's rebates, and negative equity under California Code of Civil Procedure § 871.26 and California Civil Code § 1793.2(d)(2)(B). (*Id.*). Subtracting these offsets from the $86,530.65 purchase price, Defendant estimates Plaintiff's plausible actual damages to be $60,530.65, which Plaintiff does not dispute. (Doc. 8 at 10). However, Defendant contends that because Plaintiff's complaint expressly seeks a civil penalty equal to two times actual damages, these penalties are properly placed at issue and should be included in the jurisdictional calculation. (*Id.* at 10–12). Defendant also relies on attorney's fees, estimating that Plaintiff had incurred at least $5,000.00 in fees to date and would incur additional fees over at least six months of post-removal litigation. (Doc. 1 at 5–6).

Plaintiff moved to remand the action on August 21, 2026. (Doc. 3). Plaintiff does not dispute Defendant's actual-damages calculation of $60,530.65 but argues that Defendant has not established a sufficient basis to include civil penalties or attorney's fees to reach the $75,000.00 jurisdictional threshold. (*Id.*). Plaintiff contends that because he has contested the calculation, Defendant cannot merely identify remedies that Plaintiff may potentially recover; rather, Defendant must establish the required amount by a preponderance of the evidence with competent proof. (*Id.*). As to civil penalties, Plaintiff argues that Defendant's calculation improperly assumes a maximum two-times civil penalty without supporting evidence. (*Id.*). Plaintiff likewise argues that Defendant's current and future attorney's fees estimates are purely speculative. (*Id.* at

10–11). In support of his motion, Plaintiff references and attaches various remand orders from other cases. (Doc. 3 at 7–10).

Defendant opposes the motion to remand, reiterating that the amount in controversy measures the relief "at stake" through Plaintiff's allegations, rather than what he will ultimately prove or recover. (Doc. 8). Defendant maintains that while a removing party must factor in potential offsets to avoid a speculative calculation, its civil penalty calculation is properly grounded in Plaintiff's explicit request for a double-damages penalty. (*Id.*). Defendant also argues that under Ninth Circuit precedent, reasonable estimated future attorney's fees are properly counted toward the amount in controversy. (*Id.* at 8 (citing *Fritsch v. Swift Transp. Co. of Az., LLC*, 899 F.3d 785, 794 (9th Cir. 2018))). Defendant further objects to Plaintiff's reliance on external remand orders, characterizing them as nonbinding and distinguishable, but alternatively requests that the Court take note of various other remand orders supporting its position. (Doc. 8 at 15–17).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a state-court action over which a federal district court has original jurisdiction. 28 U.S.C. § 1441(a). Subject-matter jurisdiction may rest on diversity or federal question. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

The amount in controversy "encompasses all relief a court may grant . . . if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). It measures "the maximum recovery the plaintiff could reasonably recover," not the plaintiff's probable recovery. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). In making that assessment, courts consider the complaint, the notice of removal, and summary-judgment-type evidence relevant to the jurisdictional amount. *Chavez*, 888 F.3d at 416.

A notice of removal need not initially include evidentiary submissions. *Arias*, 936 F.3d at 925. When the plaintiff or the court contest the amount in controversy, however, "both sides

submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014)).

A removing defendant may rely on reasonable assumptions grounded in the complaint's allegations. *Id.* Defendant need not prove its own willfulness or negate the potential statutory bars to establish the amount in controversy. *Id.* at 927; *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (removing defendant is not required to establish certainty over its assumptions because "the defendant is being asked to use the plaintiff's complaint—much of which it presumably disagrees with—to estimate an amount in controversy"). Rather, the defendant must identify a reasonable basis for its calculation. *Arias*, 936 F.3d at 925, 927.

## III. DISCUSSION

Plaintiff does not challenge complete diversity. The notice of removal adequately establishes the parties' diverse citizenship. (Doc. 1 at 3–4). The sole dispute is whether the amount in controversy exceeds $75,000.

### A. Actual Damages

Defendant estimates actual damages of $60,530.65 after deductions and offsets. (Doc. 1 at 5). While Plaintiff's Complaint did not specify the amount of damages he is seeking, Plaintiff does not challenge Defendant's calculation; instead, he relies on it to argue that actual damages alone fall below the jurisdictional threshold. (Doc. 3 at 7–10). The Court therefore uses $60,530.65 as the actual-damages figure for purposes of this motion.

### B. Civil Damages

California Civil Code § 1794(c) permits a civil penalty of up to twice the amount of actual damages when a buyer establishes a willful failure to comply with the Song-Beverly Act. Plaintiff alleges willful violations and expressly seeks a penalty equal to twice their actual damages. (Doc. 1-2, at 7, 9–10). The question before the Court is whether Defendant may rely on those allegations and that request for relief in calculating the amount in controversy.

District courts, including those within the Eastern District of California, routinely include maximum statutory civil penalties in the amount in controversy where a plaintiff expressly

requests them and alleges willful misconduct. *See, e.g.*, *Nicolas Garcia Santiago v. General Motors LLC*, No. 1:26-CV-06289-HBK, 2026 WL 3168792, at *3 (E.D. Cal. Oct. 22, 2026) (denying remand where the defendant reasonably included a two-times civil penalty based on the complaint's express allegations of willful statutory violations); *Sanchez v. Nissan N. Am., Inc.*, No. 1:25-CV-00083-KES-SAB, 2025 WL 2102168, at *3 (E.D. Cal. July 28, 2025) (denying remand and calculating the amount in controversy using the maximum double-damages penalty placed at issue by the plaintiff); *Massey v. FCA US LLC*, No. 1:21-CV-01392-NODJ-CDB, 2023 WL 8477945, at *3 (E.D. Cal. Dec. 7, 2023) (denying remand and noting that when a plaintiff alleges a willful violation and seeks up to two times actual damages, the maximum civil penalty is properly included in the amount in controversy); *Ferguson v. KIA Motors Am. Inc.*, No. 2:20-CV-01192-KJM-DB, 2021 WL 1997550, at *3 (E.D. Cal. May 19, 2021) (holding that a civil penalty up to twice the amount of actual damages is properly included when a plaintiff pleads a willful violation under the Song-Beverly Act).

Two recent unpublished Ninth Circuit dispositions provide further persuasive guidance. In *Navaperez v. Nissan N. Am., Inc.*, No. 25-3016, 2026 WL 1999586 (9th Cir. July 10, 2026), and *Amezcua v. Nissan N. Am., Inc.*, No. 25-3250, 2026 WL 1999591 (9th Cir. July 10, 2026), the panels addressed remand orders that treated a complaint's prayer for civil penalties under the Song-Beverly Act as "speculative" and inapplicable, without more, to calculating the amount in controversy. The panels concluded that defendants established the jurisdictional amount by a preponderance of the evidence because the plaintiffs' request for civil penalties of up to two twice their actual damages placed those amounts "at stake in the underlying litigation." *Navaperez*, 2026 WL 1999586 at *1 (quoting *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793–94 (9th Cir. 2018)); *Amezcua*, 2026 WL 1999591 at *1.

The same reasoning applies here. Plaintiff alleges that Defendant willfully failed to satisfy its obligations under the Song-Beverly Act and expressly requests the maximum civil penalty. (Doc. 1-2 ¶¶ 32, 59). If Plaintiff proves those allegations, a civil penalty would be available under section 1794(c). Defendant's inclusion of that relief therefore rests on an assumption reasonably grounded in the complaint. *See Arias*, 936 F.3d at 927.

The specific relief requested here further supports Defendant's calculation. In *Pennon*, the court distinguished a request for a penalty of "no more than" twice actual damages from a request for the full statutory amount. 2022 WL 2208578, at *2–3. In doing so, the court discussed *Park v. Jaguar Land Rover North America*, LLC, No. 20-cv-00242-BAS-MSB, 2020 WL 3567275, at *4 (S.D. Cal. July 1, 2020), which applied the maximum penalty towards the jurisdictional amount because the plaintiff had expressly placed that amount in controversy.

Here, Plaintiff's prayer seeks a civil penalty in the amount of two times Plaintiff's actual damages, not an unspecified lesser amount. Defendant thus reasonably includes a penalty of $121,061.30, twice the $60,530.65 actual damages estimate. Together, the estimated actual damages and requested penalty place $181,591.95 in controversy. Because these two categories alone satisfy the jurisdictional threshold, the Court need not definitively resolve the parties' dispute over specific attorney's fees estimates.

Nevertheless, any other relief Plaintiff can receive under the Song-Beverly Act further bolsters the Court's conclusion that the amount in controversy is met. Prospective attorney's fees are properly included in the assessment of the amount in controversy "[w]hen a statute or contract provides for the recovery of attorneys' fees." *Salazar v. FCA US LLC*, No. 2:22-cv-04022-MCE-KJN, 2022 WL 16855563, at *4 (E.D. Cal. Nov. 10, 2022) (quoting *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019)). Because the Song-Beverly Act expressly provides for the recovery of reasonable fees, statutory attorney's fees are at stake in this litigation and reinforce the total valuation. Accordingly, the Court finds that Defendant has established by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum, and the Court will retain diversity jurisdiction over this action.

## IV. CONCLUSION AND ORDER

Accordingly, IT IS ORDERED that Plaintiff's Motion to Remand, (Doc. 3) is DENIED.

IT IS SO ORDERED.

Dated: **November 3, 2026**

Erin Sung Castillo

UNITED STATES MAGISTRATE JUDGE